UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELEANOR SCHRADER,
    Plaintiff,

v.                         CASE NO. 8:23-cv-02415-TPB-TGW

HEALING TRANSITIONS:
CREATIVE COUNSELING FOR
CHILDREN & FAMILIES INC., and
JEFFREY B. CRAVEN, individually,
    Defendants.

_____/

## REPORT AND RECOMMENDATION

The plaintiff alleges that the defendants failed to pay her in accordance with the minimum wage provisions provided in the Fair Labor Standards Act ("FLSA") and breached her employment contract (Doc. 19, p. 2). The defendants failed to defend this case and defaults were entered against them. The plaintiff filed an Amended Motion for Final Default Judgment Against All Defendants (Doc. 19) seeking $6,144.69 in unpaid wages and $6,144.69 in liquidated damages for a total of $12,289.38 plus accruing interest and attorney's fees and costs (Doc. 19, p. 11).

The well-pled complaint allegations and evidence establish the defendants' liability. I recommend that judgment be entered for the plaintiff and against the defendants in the amount of $12,289.38, and an award of the

plaintiff's reasonable attorney's fees and costs to be determined upon the filing of an appropriate motion.

On October 24, 2023, the plaintiff commenced this lawsuit alleging unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b) and breach of contract. The plaintiff timely and properly served the summons and complaint upon both defendants (Doc. 19, p. 3). Defendants failed to respond. Thus, the plaintiff requests that the Court enter a default judgment against the defendants.

Thereafter, the plaintiff filed an Amended Motion for Final Default Judgment Against All Defendants (Doc. 19). The claims are supported by the verified complaint (Doc. 1) and each element of the FLSA claim and breach of contract claim are identified (Doc. 19). The motion was referred to me.

The plaintiff requests that this Court enter (1) a final judgment against the defendants in the amount of $12,289.38 and (2) an award of attorney's fees and costs (Doc. 19, p. 11).

The Eleventh Circuit discussed the standards governing entry of default judgment in <u>Surtain</u> v. <u>Hamlin Terrace Foundation</u>, 789 F.3d 1239, 1244–45 (11th Cir. 2015):

> When a defendant has failed to plead or defend, a district court may enter judgment by default.

2

Fed.R.Civ.P. 55(b)(2). Because of our "strong policy of determining cases on their merits," however, default judgments are generally disfavored. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir.2005) .... Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

... [W]e have ... interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")

....

When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 ... (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 ... (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556 ...).

Furthermore, "[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an

3

affirmative duty to look into its jurisdiction both over the subject matter and the parties." System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001).

The jurisdictional allegations in the complaint show the court has subject matter and personal jurisdiction over both defendants. Of course, there is subject matter over FLSA claims. Regarding personal jurisdiction, Healing Transitions is a Florida corporation, principally located at 3333 Clark Road, Suite 170, Sarasota, Florida 34231 (Doc. 19, pp. 8-9). Therefore, this Court has general personal jurisdiction over Healing Transitions because its principal place of business is within the State of Florida. See Fla. Stat. § 48.193; Williams Elec. Co. v. Honeywell, Inc., 854 F.2d 389, 392 (11th Cir. 1988). Also, Jeffrey B. Craven is the owner of Healing Transitions and is a non-resident individual by virtue of residing in Virginia. However, Florida's long-arm statute permits the exercise of personal jurisdiction over Mr. Craven because he owned and operated Healing Transitions within the State of Florida. Thus, jurisdiction in this Court is proper.

The plaintiff has established the defendants' liability for unpaid wages under the FLSA and breach of contract.

The FLSA creates a private right of action for employees affected by violations of the 29 U.S.C. § 216(b) minimum wage provisions.

4

To state a claim under the FLSA, a plaintiff must show that (1) she was employed by the defendant, (2) she was employed by an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales is not less than $500,000, and (3) the defendant failed to pay her the minimum wage as required by the FLSA. Moser v. Action Towing Inc., 2017 U.S. Dist. LEXIS 222961 (M.D. Fla. Feb. 6, 2017).

Here, the plaintiff alleged both Healing Transitions and Jeffrey B. Craven employed her as an Assistant Clinical Director from November 16, 2021, through May 20, 2023. The defendants were involved in the day-to-day operations of the company because they hired the plaintiff, assigned her daily tasks, and determined her salary. Thus, the plaintiff has sufficiently alleged that the defendants were her employers.

Second, Healing Transitions engaged in interstate commerce by processing credit cards, which are instruments of interstate commerce, and by advertising and soliciting sales on the World Wide Web to potential clients and customers inside and outside of Florida. Moreover, the plaintiff alleges this company's gross volume of sales exceeded $500,000. Thus, the plaintiff was employed by a company engaged in interstate commerce.

Third, under 29 U.S.C. § 206(a), the FLSA requires that employers compensate employees at a set minimum wage for every hour

worked. The minimum wage under the FLSA is $7.25 per hour. The plaintiff worked for the defendants from November 16, 2021, through May 20, 2023, and should have been paid $6,144.69 for all hours worked (Doc. 19, p. 6). Therefore, the plaintiff is entitled to default judgment under the FLSA because the defendants employed her, engaged in interstate commerce, and failed to pay her at the minimum wage as required by the FLSA.

An employee who was not paid wages in violation of the FLSA shall receive an amount equal to the unpaid wages in liquidated damages. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988). Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate the FLSA (Id.). Here, the defendants have failed to contest the plaintiff's entitlement to the unpaid wages and have not asserted in good faith that they have complied with the FLSA. Accordingly, the plaintiff is entitled to $6,144.69 in liquidated damages in addition to damages for unpaid wages (Doc. 19, p. 7).

To state a breach of contract claim, a plaintiff must show (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). The plaintiff alleged that she was promised an annual salary of

6

$60,000.00 based on a 40-hour work week (Doc. 19, p. 8). The plaintiff had a written employment agreement with Healing Transitions which detailed her annual salary, benefits, and responsibilities and was signed by the plaintiff and Jeffrey B. Craven. Thus, a valid contract existed. The defendants breached this contract because they failed to pay the plaintiff her wages. As a result, the plaintiff incurred damages because she was deprived of her salary. However, the plaintiff simply claims damages of $6,144.69 for breach of contract which is the same claim for violation of the FLSA.

In sum, the plaintiff's well-pleaded and undisputed factual allegations show that the defendants' failure to pay the plaintiff her earned wages is in violation of the FLSA. The plaintiff requests $6,144.69 in unpaid wages and $6,144.69 in liquidated damages for a total of $12,289.38 plus accruing interest and attorney's fees and costs (Doc. 19, p. 11).

The plaintiff's allegations regarding the amount of damages are not admitted by virtue of default; the court must determine both the amount and character of damages. See Nishimatsu Const. Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A court may award damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." Perry Ellis Int'l, Inc. v. URI Corp., No. 06-22020-CIV, 2007 WL 3047143 at *1 (S.D. Fla. Oct. 18,

7

2007); S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (An evidentiary hearing is not mandatory on the issue of damages "where all essential evidence is already of record.").  The plaintiff provides sufficient evidence to enable the court to calculate the number of statutory damages to which she is entitled without a hearing. Furthermore, the defendants have not challenged the monetary damages. Under the totality of these circumstances, I recommend an award of $12,289.38 to the plaintiff.

The plaintiff also seeks an award of its attorneys' fees and costs (Doc. 19, p. 11). The strength of the evidence and the defendants' failure to defend themselves in this litigation warrants a finding that the plaintiff is entitled to an award of its reasonable attorney's fees. Accordingly, I recommend an award of its reasonable attorney's fees and costs upon the filing of an appropriate motion.

For the foregoing reasons, I recommend that a final judgment be entered against the defendants for unpaid minimum wage under the FLSA and breach of contract which are stated in the plaintiff's complaint. The plaintiff should be awarded $6,144.69 in unpaid wages and $6,144.69 in liquidated damages and an award of her attorney's fees with the amount to be determined upon the filing of an appropriate motion.

Respectfully submitted,

8

_Thomas G. Wilson_

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: December 30, 2024.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.